KC

**F I L E D**

FEB 2 0 2008
Feb 20 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08CR 0147**

UNITED STATES OF AMERICA            )            No.
                                    )
                                    )
            vs.                     )            Violation: Title 18, United States
                                    )            Code, Section 666(a)(1)(A)
                                    )
DELORES ADAIR                       )            **JUDGE JOAN H. LEFKOW**

COUNT ONE            **MAGISTRATE JUDGE NOLAN**

The SPECIAL MARCH 2007 GRAND JURY charges:

Background

1.    At times material to this indictment:

      a.    The Loyola University Physician Foundation ("LUPF") was a not-for-profit physicians' organization with offices in Westchester, Illinois. LUPF was comprised of over 150 physicians affiliated with the Loyola Medical Center in Maywood, Illinois, including physicians who served as faculty at the Stritch School of Medicine and physicians who served on staff at the Foster G. McGaw Hospital.

      b.    LUPF acted as a billing and collection agent for the medical services provided to the public by its physicians. The physicians affiliated with LUPF were authorized Medicare providers and, as a result, LUPF received in excess of $10,000 annually in funds from the Center for Medicare and Medicaid Services, which is an agency of the United States, for services provided by LUPF physicians to patients insured by the Medicare program.

      c.    Defendant DELORES ADAIR was employed as an accounting clerk at LUPF's office in Westchester. Her duties as an accounting clerk included receiving invoices and authorizing payment, approving expense reimbursement requests by physicians, and preparing refund

checks for patients when LUPF received total or partial reimbursement from the Medicare program or other public and private insurers for medical services that had already been paid for in total or in part by the patient.

### The Offense

2.    From in or about June 2004, and continuing to in or about March 2006, at Westchester, in the Northern District of Illinois, and elsewhere,

### DELORES ADAIR,

defendant herein, an agent of LUPF, did knowingly embezzle, steal, and otherwise without authority convert to her own use and the use of others more than $5,000 in funds owned by and under the care, custody, or control of LUPF, with LUPF being an organization that received in excess of $10,000 in federal funding in the twelve-month period from in or about March 2005 to in or about March 2006.

### Manner and Means of the Offense

3.    From in or about June 2004, and continuing to at least in or about March 2006, without the knowledge or authorization of her employer, defendant DELORES ADAIR caused the issuance of at least fifty-nine purported refund checks payable on accounts held in the name of LUPF to individuals who, as defendant was well aware, had no entitlement to such refunds from LUPF.

4.    The individuals to whom defendant made these unauthorized refund checks payable included family members and personal acquaintances of defendant. Defendant then entered into agreements with these individuals to receive a portion of the proceeds of these unauthorized refund checks whereby defendant would receive as much as one-half to two-thirds of the proceeds of the checks and the people to whom the checks were payable would receive the remaining portion.

-2-

Defendant then converted her portion of the proceeds to her own use.

      5.      In order to conceal her issuance of these unauthorized refund checks, defendant used funds that were allocated towards the payment of refunds to actual patients of LUPF. As a result, LUPF patients who were actually entitled to refunds from LUPF did not receive the refunds to which they were entitled.

      6.      Between on or about December 13, 2004 and on or about March 29, 2006, defendant caused at least seventeen unauthorized refund checks to be issued to Individual A in amounts ranging from approximately $275.00 to approximately $ 4,105.60. As defendant was well aware, Individual A was not entitled to these refund checks from LUPF. Individual A cashed these refund checks and, per an agreement with defendant, provided a portion of the proceeds of certain checks to defendant.

      7.      Between on or about January 19, 2005 and on or about March 22, 2006, defendant caused at least ten purported refund checks to be issued to Individual B in amounts ranging from approximately $484.20 to approximately $3,930.45. As defendant was well aware, Individual B was not entitled to these refund checks from LUPF. Individual B cashed these checks and, per an agreement with defendant, provided defendant with a portion of the proceeds of certain checks.

      8.      Between on or about February 3, 2005 and on or about February 16, 2006, defendant caused at least six purported refunds checks to be issued to Individual C in amounts ranging from approximately $452.20 to approximately $6,458.43. As defendant was well aware, Individual C was not entitled to these refund checks from LUPF. Individual C cashed these checks and, per an agreement with defendant, provided defendant with a portion of the proceeds of certain checks.

9.    Overall, between in or about June 2004 to in or about March 2006, defendant caused at least fifty-nine unauthorized refunds checks totaling in excess of $170,000 to be issued to individuals who were not entitled to such refunds from LUPF;

In violation of Title 18, United States Code, Section 666(a)(1)(A);

A TRUE BILL:


_____

FOREPERSON



_____

UNITED STATES ATTORNEY